CLERKS OFFICE U.S. DIST. COURT
AT DANVILLE, VA
FILED

FEB 26 2019

JULIA C. DUDLEY, CLERK
BY: s/ H. MCDONALD
    DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
DANVILLE DIVISION

| | | |
|---|---|---|
| DAPHNE REGINA PANNELL, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 4:17-cv-00025 |
| | ) | |
| v. | ) | **MEMORANDUM OPINION** |
| | ) | |
| COMMISSIONER OF SOCIAL SECURITY, | ) ) | By: Hon. Jackson L. Kiser<br>Senior United States District Judge |
| | ) | |
| Defendant. | ) | |

Before me is the Report and Recommendation ("R&R") of the United States Magistrate Judge recommending that I deny Plaintiff Daphne Pannell's ("Plaintiff") Motion for Summary Judgment/Motion to Remand [ECF No. 17], grant the Commissioner's Motion for Summary Judgment [ECF No. 21], and affirm the Commissioner's decision. The R&R was filed on July 27, 2018 [ECF No. 23], and Plaintiff filed an objection on August 24 [ECF No. 26]. The Commissioner responded [ECF No. 28], and the matter is now ripe for review. See Fed. R. Civ. P. 72(b). After careful review and consideration, and for the reasons stated below, I will overrule Plaintiff's objection and grant the Commissioner's Motion for Summary Judgment.

I.     **STATEMENT OF FACTS AND PROCEDURAL HISTORY**

On April 2, 2013, Plaintiff filed an application for a period of disability and disability insurance benefits pursuant to Title II of the Social Security Act ("the Act"), and on July 15, 2013, she filed an application for supplemental security income pursuant to Title XVI of the Act. See 42 U.S.C. §§ 401–33; 1381–1383f (2018). (See R. 146; 156.) In her application, Plaintiff alleged that she had been disabled since June 30, 2013, due to a combination of: chronic hypertension; diabetes; two chronic ablations on the left and right side of her heart which cause

irregular heartbeats; high cholesterol; and an inability to walk for long periods of time without losing her breath and causing cervical strain. (See, e.g., R. 146; 156.) The Commissioner denied Plaintiff's claims initially on October 25, 2013 (R. 155; 165), and again upon reconsideration on January 10, 2014. (See R. 177; 187.)

Plaintiff requested a hearing before an Administrative Law Judge and on September 10, 2015, Plaintiff appeared with her attorney before Administrative Law Judge William Barto ("the ALJ"). (R. 30–63.) Both Plaintiff and a vocational expert, Dr. Sandra Wells-Brown, testified. (Id.) In a written decision dated October 20, 2015, the ALJ determined that Plaintiff was not disabled within the meaning of the Act. (See generally R. 13–23.) He found that Plaintiff suffered from "cardiac dysrhythmia and [a] history of degenerative disc disease," which qualified as severe impairments. (R. 16–17 (citing 20 C.F.R. §§ 404.1520(c) & 416.920(c)).) The ALJ found that Plaintiff did not have an impairment or combination or impairments that met or medically equaled the severity of one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1. (R. 18 (citing 20 C.F.R. §§ 404.1520(d), 404.1525, 404.1526, 416.920(d), 416.925, & 416.926).) In reaching this conclusion, the ALJ determined that Plaintiff's "medically determinable impairments could reasonably be expected to cause [her] alleged symptoms; however, [Plaintiff's] statements concerning the intensity, persistence[,] and limiting effects of these symptoms are not entirely persuasive . . . ." (R. 21.) Regarding Plaintiff's back pain, the ALJ stated, "[T]here is not objective evidence that the claimant experiences more than moderate back pain." (R. 20.)

After consideration of the entire Record, the ALJ concluded that Plaintiff had the residual functional capacity to perform sedentary work as defined in 20 C.F.R. §§ 404.1567(a) & 416.967(a), and that she could "stand or walk with normal breaks for up to four hours in an

eight-hour workday," "frequently operate hand controls bilaterally," "climb[] and balance," and that she "must be able to change position from sitting [to] standing and back without leaving the work station and no more frequently than every 15 minutes." (See R. 18–21.) The ALJ concluded that, although Plaintiff was not capable of performing her past relevant work, there were jobs that existed in significant numbers in the national economy that she could perform, such as paramutual ticket checker, toy stuffer, and addressing clerk. (R. 21–22 (citing 20 C.F.R. §§ 404.1569, 404.1569(a), 416.969, & 416.969(a)).) Accordingly, the ALJ concluded that Plaintiff was not disabled within the meaning of the Act. (R. 22.) The Appeals Council denied Plaintiff's request for review (R. 1–3), and the decision of the ALJ became the final decision of the Commissioner on February 22, 2017. (Id.)

On April 14, 2017, Plaintiff filed suit in this Court to challenge the final decision of the Commissioner. (Compl. [ECF No. 1].) Pursuant to 28 U.S.C. § 636(b)(1)(B), I referred the case to the United States Magistrate Judge for consideration. Plaintiff filed a Motion for Summary Judgment/Motion to Remand on November 5, 2017 [ECF No 17], and the Commissioner filed a Motion for Summary Judgment on January 4, 2018 [ECF No. 21]. On July 27, 2018, Judge Hoppe filed his Report and Recommendation ("R&R"), recommending that I deny Plaintiff's motion for summary judgment, grant the Commissioner's motion for summary judgment, and affirm the decision of the Commissioner. (R&R, July 27, 2018 [ECF No. 23].) On August 26, Plaintiff filed a timely[1] objection to the R&R. (Pl.'s Obj., Aug. 26, 2018 [ECF No. 26].) The Commissioner responded on September 7 [ECF No. 28], so the matter is now ripe for review.

II.  **STANDARD OF REVIEW**

Congress has limited the judicial review I may exercise over decisions of the Social Security Commissioner. I am required to uphold the decision where: (1) the Commissioner's

---

[1] Plaintiff was granted an extension to file her objection. (See Order, Aug. 20, 2018 [ECF No. 25].)

factual findings are supported by substantial evidence; and (2) the Commissioner applied the proper legal standard. See 42 U.S.C. § 405(g) (2014); Craig v. Chater, 76 F.3d 585, 589 (4th Cir. 1996). The Fourth Circuit has long defined substantial evidence as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Mastro v. Apfel, 270 F.3d 171, 176 (4th Cir. 2001) (quoting Richardson v. Perales, 402 U.S. 389, 401 (1971)). In other words, the substantial evidence standard is satisfied by producing more than a scintilla but less than a preponderance of the evidence. Laws v. Celebrezze, 368 F.2d 640, 642 (4th Cir. 1966).

The Commissioner is charged with evaluating the medical evidence and assessing symptoms, signs, and findings to determine the functional capacity of the claimant. 20 C.F.R. §§ 404.1527–404.1545 (2014); see Shively v. Heckler, 739 F.2d 987, 990 (4th Cir. 1984) (noting that it is the role of the ALJ, not the vocational expert, to determine disability). The Regulations grant the Commissioner latitude in resolving factual inconsistencies that may arise during the evaluation of the evidence. 20 C.F.R. §§ 404.1527, 416.927 (2014). Unless the decision lacks substantial evidence to support it, the ultimate determination of whether a claimant is disabled is for the ALJ and the Commissioner. See id. §§ 404.1527(e), 416.927(e); Walker v. Bowen, 834 F.2d 635, 640 (7th Cir. 1987). If the ALJ's resolution of the conflicts in the evidence is supported by substantial evidence, then I must affirm the Commissioner's final decision. Laws, 368 F.2d at 642. In reviewing the evidence, I must not "undertake to re-weigh conflicting evidence, make credibility determinations, or substitute [my] judgment for that of the Secretary," Mastro, 270 F.3d at 176 (quoting Craig, 76 F.3d at 589), or the secretary's designate, the ALJ, Craig, 76 F.3d at 589 (quoting Walker, 834 F.2d at 640).

## III. DISCUSSION

Plaintiff raises a single objection to the ALJ's conclusion regarding her credibility. After review of the Record and the applicable law, I cannot agree with Plaintiff's position, and I will overrule her objection.

Under the applicable regulations:

> [T]he determination of whether a person is disabled by pain or other symptoms is a two-step process. First, there must be objective medical evidence showing 'the existence of a medical impairment(s) which results from anatomical, physiological, or psychological abnormalities and *which could reasonably be expected to produce the pain or other symptoms alleged*.

Craig v. Chater, 76 F.3d 585, 594 (4th Cir. 1996) (quoting 20 C.F.R. §§ 416.929(b) & 404.1529(b) (emphasis added)). "Therefore, for the pain to be found disabling, there *must* be shown a medically determinable impairment which could reasonably be expected to cause not just pain, or some pain, or pain of some severity, but *the pain the claimant alleges she suffers*." Id. (emphasis in original).

The step one analysis "does not, as the regulation is careful to emphasize, entail a determination of the 'intensity, persistence, or functionally limiting effects' of the claimant's asserted pain." Id. (citing 20 C.F.R. §§ 416.929(b) & 404.1529(b)). Plaintiff's claimed pain is not directly at issue at this stage; "the focus is instead on establishing a determinable underlying impairment—a statutory requirement for entitlement to benefits—which could reasonably be expected to be the cause of the disabling pain asserted by the claimant." Id. (citing 42 U.S.C. § 1382c(a)(3)(A)). In other words, taking a claimant's allegations of pain as true, the ALJ must determine whether she has a medical condition that reasonably *could* cause the pain, "in the amount and degree," she alleges. Id.

"It is only *after* a claimant has met her threshold obligation of showing by objective medical evidence a medical impairment reasonably likely to cause the pain claimed, that the intensity and persistence of the claimant's pain, and the extent to which it affects her ability to work, must be evaluated." Id. at 595 (citing 20 C.F.R. §§ 416.929(c)(1) & 404.1529(c)(2)). Under the regulations,

> this evaluation must take into account not only the claimant's statements about her pain, but also 'all the available evidence,' including the claimant's medical history, medical signs, and laboratory findings, any objective medical evidence of pain (such as evidence of reduced joint motion, muscle spasms, deteriorating tissue, redness, etc.), and any other evidence relevant to the severity of the impairment, such as evidence of the claimant's daily activities, specific descriptions of the pain, and any medical treatment taken to alleviate it.

Id. (internal citations omitted). In other words, after determining that a claimant has a medical condition that reasonably could cause the pain "in the amount and degree" she alleges, the ALJ must determine, based on the available evidence, whether a claimant *actually suffers* to the degree she claims.

In her objection, Plaintiff contends the ALJ's finding for Plaintiff at step one (concluding that she has a medical impairment that reasonably could cause pain to the degree she alleges) is at odds with his conclusion that "there is not objective evidence that the claimant experiences more than moderate back pain." (R. 20.) But this argument misreads Craig and the applicable regulations. As quoted above, *at step two* in the analysis, the ALJ may consider "any objective medical evidence of pain (such as evidence of reduced joint motion, muscle spasms, deteriorating tissue, redness, etc.) . . . ." Craig, 76 F.3d at 595. Here, it is clear the ALJ, while considering evidence at step two, determined that objective medical evidence did not support Plaintiff's allegations regarding the "intensity, persistence, and limiting effects" of her back pain.

Lewis v. Berryhill, 858 F.3d 858, 866 (4th Cir. 2017). On its face, his statement directly addresses evidence the Fourth Circuit held is relevant at step two, and therefore is not at odds with his finding at step one.

Plaintiff's objection, not the R&R, conflates the ALJ's conclusion at step one with his evidence supporting his conclusion at step two. She argues that a positive finding at step one necessarily establishes a probability that her pain is disabling at step two. This conclusion is required, she says, because the Craig court used the phrase "reasonably likely" to cause the pain alleged as opposed to the phrase "reasonably could" cause the pain alleged. See Craig, 76 F.3d at 595. But the Craig uses both phrases. Compare id. at 594 ("The regulation thus requires at the threshold a showing by objective medical evidence of the existence of a medical impairment ***"which could reasonably be expected to produce"*** the actual pain, in the amount and degree, alleged by the claimant." (emphasis added), with id. at 595 ("It is only *after* a claimant has met her threshold obligation of showing by objective medical evidence a medical impairment ***reasonably likely*** to cause the pain claimed . . . ." (emphasis added).) Thus, her argument rests on a faulty reading of Craig.

More to the point, though, her objection argues for a connection between steps one and two that is not there. Step one asks whether a claimant has a condition that *could* cause the pain she is alleging; step two asks whether, once it established she has a medical condition that could explain the pain she describes, she actually suffers as she alleges. Obviously, if a claimant does not suffer from a medical condition that could cause her pain, step two is unnecessary. But a positive finding at step one does not lower a claimant's burden at step two.

Pain is a difficult thing to quantify, and an even more difficult thing to prove. The regulations are not perfect, but they represent a methodical approach to determining whether a

claimant is entitled to benefits under the law. Here, the ALJ applied the law and those regulations properly, and his conclusion is support by substantial evidence. Accordingly, Plaintiff's objection will be overruled.

## IV. <u>CONCLUSION</u>

Plaintiff's objection is not supported by the relevant law and will be overruled. I have reviewed the remainder of the record for clear error. Finding none, I will adopt the R&R, deny Plaintiff's Motion for Summary Judgment/Motion to Remand, and grant the Commissioner's Motion for Summary Judgment.

The Clerk is directed to send a copy of this Memorandum Opinion and the accompanying Order to all counsel of record as well as to Magistrate Judge Hoppe.

**ENTERED** this 26th day of February, 2019.

s/Jackson L. Kiser
SENIOR UNITED STATES DISTRICT JUDGE